## Matter of Fong

## In DEPORTATION Proceedings

### A-3147586

#### Decided by Board July 16, 1964

An alien convicted in 1958 of violation of section 855 of Title 35, Purdon's Pennsylvania Statutes, Annotated, for unlawful use of a drug as defined in section 851 thereof is deportable under section 241(a)(11), Immigration and Nationality Act, as amended, since every drug enumerated in section 851 is a narcotic drug or marijuana within the scope of section 241(a)(11) of the Act and a conviction for unlawful use is equivalent to a conviction relating to illicit possession of a narcotic drug or marijuana.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of possession of narcotic drugs or marijuana.

The case comes forward on appeal from the order of the special inquiry officer dated April 30, 1964, ordering the respondent deported to the Republic of China on Formosa on the charge contained in the order to show cause.

The record relates to a native and citizen of China, 52 years old, male, single, who entered the United States at Seattle, Washington, on or about September 20, 1932. He was convicted on October 24, 1958, in the Court of Quarter Sessions of the Peace of the County of Philadelphia, Pennsylvania, in violation of section 855 of Title 35, Purdon's Pennsylvania Statutes, Annotated, to wit: use of drugs as defined by sections 851 and 852 of Title 35, Purdon's Pennsylvania Statutes, Annotated. The respondent is charged with deportability under the second part of section 241(a)(11) of the Immigration and Nationality Act because of conviction of a violation of any law or regulation relating to the illicit possession of narcotic drugs or marijuana, as defined by sections 851 and 852 of Title 35, Purdon's Pennsylvania Statutes, Annotated, in violation of section 855 of Title 35, P.S.A.

Counsel for the respondent in his brief urges that inasmuch as the respondent was convicted of use of a certain drug in violation of the

aforementioned Pennsylvania Statutes, he could not be convicted of illicit possession of a narcotic drug or marijuana nor can he be charged with being deportable because of illicit possession of a narcotic drug or marijuana. It is believed that this contention of counsel has been disposed of in *Matter of H— U—*, 7 I. & N. Dec. 533. That case involved a conviction for violation of section 11721 of the Health and Safety Code of California which provided that no person shall unlawfully use narcotics. The Board held that a statute which punishes the unlawful use of narcotics is included within the scope of section 241 (a) (11) of the Immigration and Nationality Act as a law "relating to" the illicit possession of narcotic drugs and that the quoted phraseology is broad enough to embrace illicit possession as an incident to a conviction for unlawful use. This construction was upheld in the unreported case of *Bukaroff* v. *Rosenberg*, No. 212–61–TC (S.D.Cal., C.D., April 17, 1961) in which the court held that unlawful use necessarily presupposes illicit possession of narcotics and that the California Statute involves a law relating to the illicit possession of narcotic drugs within the meaning of section 241(a) (11) of the Immigration and Nationality Act (8 U.S.C. 1251 (a) (11)).

The indictment upon which respondent was convicted charged that on or about July 9, 1958, the respondent did feloniously use, take, administer and cause to be administered to his person a certain drug, contrary to the form of the Act of the General Assembly in such case made and provided. The statute, Title 35, Purdon's Pennsylvania Statutes, Annotated, section 855, which was then in effect, reads that no person shall use, take or administer to his person, or cause to be administered to his person, or administer to any other person, or cause to be administered to any other person any of the aforesaid drugs except under the advice and direction, and with the consent of a regularly practicing and duly licensed physician or dentist. It would appear that the Pennsylvania statute is similar to the California statute and that the illicit use of the described drug necessarily presupposes and includes illicit possession of proscribed drugs.

The indictment upon which the respondent was convicted states that the word "drug" in each and every count of this indictment is used as defined by the Act of July 11, 1917, P.L. 758, sec. 1, as amended by the Acts of April 20, 1921, P.L. 152, sec. 1; May 22, 1933, P.L. 905, sec. 1; April 12, 1945, P.L. 225, sec. 1; 1955, P.L. 849, sec. 1; 1956, P.L. (1955)——, No. 601, sec. 1. The definition of the word "drug" referred to in the indictment, which was in effect when the respondent was convicted, is found in Title 35, Purdon's Pennsylvania Statutes, section 851, and reads as follows:

Except as limited in section two of this act, the word "drug" as used in this act, shall be construed to include: (a) opium; or (b) coca leaves; or (c) mari-

juana; (d) any compound or derivative of opium, coca leaves or marijuana; or (e) any substance or preparation containing opium, coca leaves, or marijuana; or (f) any substance or preparation containing any compounds or derivative of opium, coca leaves, or marijuana and any substance identified chemically as 1-methyl-4-phenylpiperidine-4-carboxylic acid ethyl ester, or any salt or derivative thereof, by whatever trade names designated, or any preparation containing such substance or its salts or derivatives or any substance or preparation containing any drug found by the United States Secretary of the Treasury, after due notice and opportunity for public hearing, to have an addiction-forming or addiction-sustaining liability similar to morphine or cocaine and proclaimed by the President to have been so found by the Secretary.[1]

The indictment in this case did not name the drug used by the respondent but recited that the indictment was for the illicit use of a drug as defined by the law as set out in 35 P.S.A. 851, referred to above. The record of conviction is binding and therefore each of the drugs mentioned in the definition must be a narcotic drug or marijuana as charged in section 241(a)(11) if the respondent is to be found deportable.

Turning to the definition contained in 35 P.S. 351 the drugs listed in clauses (a) to (e) which include opium, coca leaves, marijuana, any compound or derivative thereof or any substance or preparation containing opium, coca leaves, or marijuana are clearly narcotic drugs as contemplated by the second part of section 241(a)(11) of the Immigration and Nationality Act, as amended. Marijuana was inserted into section 241(a)(11) by the Act of July 14, 1960 (74 Stat. 505) and was specifically inserted into the law to overcome the effect of the case of *Hoy* v. *Mendoza-Rivera*, 267 F. 2d 451 (9th Cir., 1959), which held that mere possession of marijuana was not a ground for deportation under the second part of section 241(a)(11). Conviction of unlawful possession of marijuana in violation of law renders an alien deportable from the United States whether the conviction took place prior to the enactment of the amendment.[2] Thus, the effect of the case of *Hoy* v. *Mendoza-Rivera*, which has been referred to by counsel in his brief, has been overcome by this amendment.

The definition further specifies any substance identified chemically as 1-methyl-4-phenylpiperidine-4-carboxylic acid ethyl ester or any salt or derivative thereof, by whatever trade name designated or any preparation containing such substance or its salts or derivatives. This substance is otherwise known as isonipecaine and is specifically mentioned in the enumeration of narcotic drugs in the third part of section 241(a)(11). It is also defined by 26 U.S.C. 4731 (a) and (f),

---

[1] Section 2 is contained in section 852 of Title 35 and merely defines what is not included in the word "drug".

[2] [*Matter of Gardos*, Int. Dec. No. 1281 (1963), aff'd *Gardos* v. *I. & N.S.*, 324 F. 2d 179 (9th Cir., 1963).]

section 1(a), Narcotic Drugs Import and Export Act, as amended, and 21 U.S.C. 502(g)(20) as a narcotic drug. It must be concluded that isonipecaine is a narcotic drug as contemplated by the second section of section 241(a)(11) of the Immigration and Nationality Act.

The last part of 35 P.S. 851 refers to any substance or preparation containing any drug found by the United States Secretary of the Treasury after due notice and opportunity for public hearing, to have an addiction-forming or an addiction-sustaining liability similar to morphine or cocaine and proclaimed by the President to have been so found by the Secretary. It is noted that this part of the definition is similar to the definition of an opiate contained in 26 U.S.C.A. 4731(g) which is listed among the definitions of narcotic drugs. The term "opiate" is further defined in 21 CFR 305.2 in similar language. It is concluded that the last part of 35 P.S. 851 refers to a narcotic drug.

Since the conviction of the respondent was for violation of a statute proscribing the use of a drug which has been held to be equivalent to "relating to" possession of a drug and since every drug enumerated in the Pennsylvania law is found to be a narcotic drug or marijuana within the meaning of section 241(a)(11) of the Immigration and Nationality Act, as amended, the respondent is deportable on the charge contained in the order to show cause. In view of the nature of the conviction which occurred in 1958 and the ground of deportability, the respondent does not appear to be eligible for discretionary relief. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.