## MATTER OF SUM

### In Deportation Proceedings

### A-4713047

*Decided by Board May 22, 1970*

Respondent's conviction under section 11720 of the California Health and Safety Code for unlawful *use* of proscribed narcotic drugs may not be equated with a conviction for unlawful *possession* of such narcotic drugs so as to bring him within the "illicit possession" provisions of sections 212(a)(23) and 241(a)(11) of the Immigration and Nationality Act (*Varga* v. *Rosenberg*, 237 F. Supp. 282 (S.D. Calif., 1964), followed). [*Matter of H—U—*, 7 I. & N. Dec. 533, and *Matter of Fong*, 10 I. & N. Dec. 616, overruled.]

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—immigrant, no visa (section 212(a)(20) of Act).

Lodged: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—immigrant, no visa section 13(a), Act of May 26, 1924).

ON BEHALF OF RESPONDENT:
Robert S. Bixby, Esquire
30 Hotaling Place
San Francisco, California 94111

ON BEHALF OF SERVICE:
Sam I. Feldman
Acting Appellate Trial Attorney
(Brief filed)

The special inquiry officer certified his order denying respondent's application under section 249 of the Act. The application will be granted.

The question is whether the Board should continue to follow its precedents holding that a conviction for unlawful *use* of proscribed drugs makes an alien deportable as one who has been convicted for unlawful *possession* of such drugs. We shall overrule the precedents.

The facts have been fully stated by the special inquiry officer. He found the respondent deportable on the lodged charge. Respondent applied to the special inquiry officer, under section 249 of the Act, for the administrative creation of a record of lawful admission for permanent residence. One condition of eligibility is

that the applicant not be excludable under provisions excluding "violators of the narcotic laws". The pertinent portion of section 212(a) (23) of the Act requires exclusion of, "Any alien who has been convicted of a violation of * * * any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana * * *." [1] Respondent has been convicted in 1941 for taking or using narcotics.[2] The special inquiry officer did not personally believe that the conviction for *taking* or *using* narcotics made respondent inadmissible under section 212(a) (23) which speaks of *possession* of the proscribed drugs. However, since Board precedents equate a conviction for unlaful use with a conviction for unlawful possession, he held that the respondent was inadmissible under section 212(a) (23).[3]

An issue similar to that before us was considered in *Varga* v. *Rosenberg*, 237 F. Supp. 282 (S.D. Calif., 1964). Varga was convicted under section 11721 of the California Code which punishes a person who illegally used or came under the influence of a proscribed drug. The Service sought to deport him under that portion of section 241(a) (11) of the Act which requires the deportation of an alien "who at any time has been convicted of a violation of, * * * any law or regulation relating to illicit *possession* of or traffic in narcotic drugs or marihuana * * *". (Emphasis supplied.) The court held that the respondent was not deportable. The court pointed out that the legislative history indicated that Congress intended to attack traffic in rather than use of narcotics. The court found that Varga's conviction was for *use*. The court concluded that the drug had been in his system, and that it followed he had not been in the *possession* which would have given him the power to traffic in the drug.

*Varga* is the only published court decision on the issue. The position of the court in that case is based on legal precedents which hold that "use" does not necessarily include "possession." A con-

---

[1] It is unnecessary to comment on the significance, if any, of the section 249 reference to narcotics and the section 212(a) (23) reference to this, but also to marihuana.

[2] Respondent was convicted on July 25, 1941 of violating then section 11720 of the California Health and Safety Code which required the criminal punishment of a "narcotic addict"—a term defined as relating to one who illegally "takes or otherwise uses any narcotics". Respondent testified he used narcotics on or off before his conviction and did not use it thereafter. He does not appear to have been an "addict" as that term is defined under immigration laws, *Matter of F—S—C—*, 8 I. & N. Dec. 108 (BIA, 1958).

[3] *Matter of Fong*, 10 I. & N. Dec. 616 (BIA, 1964); *Matter of H—U—*, 7 I. & N. Dec. 533 (BIA, 1957).

trary view had previously been expressed by another judge of the same court in an unreported decision, *Bukaroff* v. *Rosenberg*, No. 212-61-TC, April 17, 1961, which was apparently never appealed. The Solicitor General of the United States, although aware of the cleavage, declined to authorize an appeal in *Varga*.

The Service's trial attorney stated at the hearing that the Service follows *Varga* in that it does not institute a deportation proceeding if the conviction is such as is found in that case (pp. 10-11). Insofar as concerns the "illicit possession" portions of sections 212(a)(23) and 241(a)(11) of the Act, we believe that *Varga* should be followed rather than *Bukaroff* and the Board precedents to the contrary. We, therefore, overrule *Matter of Fong, supra,* and *Matter of H—U—, supra,* which hold to the contrary.

**ORDER:** It is ordered that the special inquiry officer's denial of respondent's application under section 249 of the Act be withdrawn.

*It is further ordered* that respondent's application under section 249 of the Act be granted.