MATTER OF CHANG

In Deportation Proceedings

A-18473666

*Decided by Board January 18, 1977*

(1) Respondent conceded deportability under section 241(a)(2) of the Immigration and Nationality Act as a nonimmigrant who remained in the United States beyond the date authorized. The only issue on appeal is denial of voluntary departure.

(2) Respondent was convicted of a violation of 21 U.S.C. 843(b)—the unlawful use of a communication facility to facilitate commission of the felony of conspiracy to import a quantity of cocaine from Peru into the United States, a felony under 21 U.S.C. 963. This was a conviction of a crime relating to the illicit traffic in narcotic drugs as described in section 212(a)(23) of the Act.

(3) Respondent was statutorily ineligible for voluntary departure under section 244(e) because by virtue of the conviction, a finding of good moral character for the required period was precluded by virtue of section 101(f)(3) of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer

ON BEHALF OF RESPONDENT:
Esther M. Kaufman, Esquire
2946 Upton Street
Washington, D.C. 20008

ON BEHALF OF SERVICE:
Paul C. Vincent
Appellate Trial Attorney

BY: Milhollan, Chairman; Torrington, Maniatis, and Appleman, Board Members. Board Member Wilson dissents without opinion.

In a decision dated January 20, 1976, an immigration judge found the respondent deportable as charged, denied his application for voluntary departure as a matter of discretion and ordered his deportation to Peru. The respondent has appealed. The appeal will be dismissed.

The respondent, a native and citizen of Peru, has conceded deportability as a nonimmigrant student who has remained in the United States beyond the date authorized. Thus, his deportability under section 241(a)(2) has been established by evidence which is clear, convincing, and unequivocal. The only issue on appeal concerns the denial of his application for voluntary departure.

Under section 244(e) of the Immigration and Nationality Act, a de-portable alien may be extended the privilege of voluntary departure i he can establish that he has been a person of good moral character for a least five years immediately preceding his application. Section 101(f)(3 of the Act, however, bars the finding of good moral character if the alien has been convicted of a crime described in section 212(a)(23), within the five-year period.

Section 212(a)(23) provides:

> Any alien who has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana or who has been convicted of a violation of, or a conspiracy to violate, any law o regulation governing or controlling the taxing, manufacture, production, compounding transportation, sale, exchange, dispensing, giving away, importation, or exportation c opium, coca leaves, heroin, marihuana, or any salt derivative or preparation of opium o coca leaves, or isonipecaine or any addiction-forming or addiction-sustaining opiate; o any alien who the consular officer or immigration officers know or have reason to believ is or has been an illicit trafficker in any of the aforementioned drugs;

On June 20, 1975, the respondent was convicted in the United State District Court for the Northern District of California of violating 2 U.S.C. 843(b)—the unlawful use of a communication facility to facilitat the commission of a felony, to wit, a knowing, unlawful, and intention; conspiracy to import into the United States from Lima, Peru, a quantit of cocaine, a Schedule I Controlled Substance in violation of 21 U.S.C 963. The immigration judge concluded that 21 U.S.C. 843(b) is not a law relating to the illicit traffic in narcotic drugs as it prohibits the use of communication facility to facilitate the commission of *any felony offens* against the laws of the United States. That conclusion is incorrect.

In 1970, the Congress enacted the Comprehensive Drug Abuse Pre vention and Control Act, Pub. L. 91–513, Title II, § 101, 84 Stat. 124 (1970). As part of that legislation, the Congress declared in sectio 843(b) of Title 21 that:

> It shall be unlawful for any person knowingly or intentionally to use any communicatic facility in committing or in causing or facilitating the commission of *any act or ac; constituting a felony under any provision of this subchapter or subchapter II of th chapter.* Each separate use of a communication facility shall be a separate offense und; this subsection. For purposes of this subsection, the term "communication facilit; means any and all public and private instrumentalities used or useful in the transmissic of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephon wire, radio, and all other means of communication. (Emphasis added.)

As the text indicates, violations of sections 843(b) occur only when communication facility is used to facilitate the commission of one of the felonies enumerated in subsections I or II of the Comprehensive Dru Abuse Prevention and Control Act. In the respondent's case, a teh phone was used to further the commission of a conspiracy to impo;

cocaine—a felony under section 963, subchapter II of the Comprehensive Drug Abuse Prevention and Control Act.[1]

Hence, we find that the respondent's conviction was of a violation of a law relating to the illicit traffic in narcotic drugs. As a result, he is statutorily ineligible for voluntary departure by virtue of section 101(f)(3) of the Immigration and Nationality Act.

ORDER: The appeal is dismissed.

---

[1] 21 U.S.C. 963 provides:

Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.