MATTER OF HERNANDEZ-PONCE

In Deportation Proceedings

A-38834427

*Decided by Board March 9, 1988*

(1) The Anti-Drug Abuse Act of 1986, Pub. L. No. 99-570, 100 Stat. 3207, amended sections 241(a)(11) and 212(a)(23) of the Immigration and Nationality Act, 8 U.S.C. §§ 1251(a)(11) and 1182(a)(23) (1982), and significantly broadened the types of drug offenses which render an alien deportable or excludable.

(2) Section 241(a)(11) of the Act, which previously rendered deportable only those aliens convicted of illicit possession of or traffic in narcotic drugs or marihuana, now refers to "any law or regulation" relating to a controlled substance; and therefore, the immigration judge properly found deportable an alien twice convicted of the crime of use and being under the influence of phencyclidine ("PCP"), a controlled substance.

(3) The Board's construction of the former statute, which distinguished a conviction for unlawful use of a proscribed drug from a conviction for its unlawful possession, was based on the clearly different language of the former statute and is clearly incompatible with the plain meaning of the amended statute. *Matter of Sum*, 13 I&N Dec. 569 (BIA 1970), superseded.

CHARGE:

Order: Act of 1952—Sec. 241(a)(11) [8 U.S.C. § 1251(a)(11)]—Convicted of controlled substance violation

ON BEHALF OF RESPONDENT:
Pro se

ON BEHALF OF SERVICE:
Joseph M. Ragusa
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated August 4, 1987, the immigration judge found the respondent deportable pursuant to section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(11) (Supp. IV 1986), denied his application for voluntary departure, and ordered him deported to Mexico. The respondent has appealed. Additionally, the Immigration and Naturalization Service has raised the issue of the respondent's deportability. Pursuant to our authority under 8 C.F.R. § 3.1(c) (1988), we will consider that issue on certification.

The respondent's appeal will be dismissed and his request for oral argument before the Board is denied. The decision of the immigration judge will be affirmed.

The respondent is a 23-year-old male, native and citizen of Mexico, who was admitted to the United States as a lawful permanent resident in 1984. On September 29, 1986, the respondent was convicted in the State of California Municipal Court, County of Santa Clara, of the crime of use and being under the influence of phencyclidine ("PCP") in violation of section 11550(b) of the California Health and Safety Code. On January 14, 1987, the respondent was convicted of the same crime before the same court. On April 24, 1987, an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S) was issued against the respondent charging him with being deportable on the basis of these two convictions. At his deportation hearing on August 4, 1987, the respondent admitted to all of the factual allegations contained in the Order to Show Cause but denied that he was deportable based on his record. The immigration judge found the respondent to be deportable as charged.

On appeal, the respondent argues that he was without legal representation at his deportation hearing and, because of his own lack of familiarity with immigration law and procedure, that he was not adequately represented. The respondent asserts that the immigration judge abused his discretion by proceeding with the hearing before the respondent was able to obtain counsel.

From our review of the record we note that the immigration judge took scrupulous care to inform the respondent of his right to be represented by counsel while also informing him of Legal Aid counsel which might be available at no charge. The respondent first appeared before the immigration judge on May 7, 1987, at which time his hearing was postponed until June 25, 1987, in order to provide him with the opportunity to obtain counsel. On June 25, 1987, the respondent again appeared before the immigration judge without counsel. At this time, the attorney for the Service lodged a new factual allegation relating to the respondent's January 14, 1987, drug conviction. The judge postponed the respondent's deportation hearing until August 4, 1987, thereby affording him a further opportunity to obtain legal representation and to prepare his defense on the new factual allegation. On August 4, 1987, the respondent again appeared before the immigration judge without counsel. At this hearing, the immigration judge elected to proceed with the deportation hearing, having the respondent represent himself. We find that the immigration judge fully informed the respondent of his right to be represented by counsel and reasonably

614

granted several continuances of the hearing for the purpose of allowing the respondent to obtain representation. *See* 8 C.F.R. § 242.13 (1987). The respondent's failure to obtain counsel after a rather lengthy period of time and several continuances makes apparent that he simply was unable to secure counsel at his own expense. Consequently, the immigration judge had no option but to proceed with the hearing. *See Vides-Vides* v. *INS,* 783 F.2d 1463 (9th Cir. 1986). We are convinced that the respondent's hearing was full, fair, and thorough. Thus, we find no merit in the respondent's claims on appeal, which will therefore be dismissed.

The Service asks us to consider and affirm the decision of the immigration judge, finding the respondent deportable under section 241(a)(11) of the Act based upon his two convictions for use and being under the influence of PCP.

In his decision, the immigration judge noted that, prior to October of 1986, section 241(a)(11) of the Act rendered deportable only those aliens who had been convicted of an offense "relating to the illicit possession of or traffic in narcotic drugs or marihuana." This Board has previously held that an alien convicted of an offense of use of a narcotic substance, as opposed to its possession, was not excludable under the statute.[1] *See Matter of Sum,* 13 I&N Dec. 569 (BIA 1970). However, the immigration judge noted that the recently amended version of section 241(a)(11) of the Act rendered inapplicable our holding in *Matter of Sum.* We must agree.

On October 27, 1986, President Reagan signed into law the Anti-Drug Abuse Act of 1986. Pub. L. No. 99-570, 100 Stat. 3207. This act amended the immigration laws to render deportable any alien who

> is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)).

Section 241(a)(11) of the Act, 8 U.S.C. § 1251(a)(11) (Supp. IV 1986) (amending 8 U.S.C. § 1251(a)(11) (1982)).

This amendment significantly broadened the language used to describe the types of offenses which have traditionally jeopardized an alien's status. Under the immigration law as it existed prior to its amendment by the Anti-Drug Abuse Act, the following aliens were deportable under section 241(a)(11) of the Act for drug-related conduct:

---

[1] Both the deportation and exclusion grounds employ essentially identical language regarding the types of drug convictions which would jeopardize an alien's status.

[a]ny alien ... who at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit *possession* of or traffic in narcotic drugs or marihuana, or who has been convicted of a violation of, or a conspiracy to violate, any law or regulation governing, or controlling the taxing, manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, exportation, or the possession for the purpose of the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, or exportation of opium, coca leaves, heroin, marihuana, any salt derivative or preparation of opium or coca leaves or insonipecaine or any addiction-forming or addiction-sustaining opiate.

8 U.S.C. § 1251(a)(11) (1982), *amended by* 8 U.S.C. § 1251(a)(11) (Supp. IV 1986) (emphasis added).

The Service, in its written brief, asserts that, by enacting the Anti-Drug Abuse Act, Congress so enhanced the national drug enforcement law and policy that the amendment to the deportation statute now renders deportable any alien convicted of any law relating to controlled substances, including being "under the influence" of a controlled substance.

It is evident to us, according to the plain words of the amended statute, that Congress intended to expand rather than limit the power of the Government to curtail drug abuse through the immigration laws. Prior to the recent amendments, section 241(a)(11) listed the specific drug-related criminal activities which Congress considered sufficient to warrant the exclusion or deportation of aliens. The amended statute refers to "any law or regulation" relating to a controlled substance. These are words which, according to our construction, clearly contain no limitation. Thus, our construction of the former statute set forth in *Matter of Sum, supra,* which distinguished a conviction for unlawful use of a proscribed drug from a conviction for its unlawful possession, was based on the clearly different language of the former statute and is clearly incompatible with the plain meaning of the amended statute.

In the case before us, the respondent has admitted to being twice convicted for the crime of use and being under the influence of phencyclidine. Phencyclidine is listed as a controlled substance under the Controlled Substances Act. *See* 21 U.S.C. § 812 (1982). We must conclude that the respondent falls within the purview of the amended language of section 241(a)(11) of the Act, which refers to convictions "relating to a controlled substance." Accordingly, the decision of the immigration judge relating to the respondent's deportability will be affirmed.

**ORDER:** The appeal is dismissed and the decision of the immigration judge is affirmed.