## MATTER OF DEL RISCO

### In Deportation Proceedings

### A-27087870

*Decided by Board May 25, 1989*

A conviction in the Superior Court of Arizona for facilitation of the unlawful sale of cocaine renders an alien deportable under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(11) (Supp. IV 1986), as an alien convicted of a violation of a law relating to a controlled substance.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Nonimmigrant—remained longer than permitted

Sec. 241(a)(9) [8 U.S.C. § 1251(a)(9)]—Nonimmigrant—failed to comply with conditions of status

Sec. 241(a)(11) [8 U.S.C. § 1251(a)(11)]—Convicted of narcotics violation

ON BEHALF OF RESPONDENT:
Peter B. Keller, Esquire
Law Offices of Keller & Postero
115 West Washington Street
Tucson, Arizona 85701

ON BEHALF OF SERVICE:
John Holya
General Attorney

BY: Morris, Acting Chairman; Vacca, Board Member; Arrowsmith, Temporary Board Member

In a decision dated October 22, 1985, an immigration judge terminated the respondent's deportation proceedings on the basis that he was not deportable under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(11) (1982). The Immigration and Naturalization Service appealed from that decision. Subsequent to the immigration judge's decision, the respondent was served with another Order to Show Cause and Notice of Hearing (Form I-221), charging him with deportability under sections 241(a)(2) and (9) of the Act. The immigration judge found the respondent deportable on these charges and denied his request for voluntary departure. The respondent has appealed from that decision. The Service appeal concerning the issue

of deportability under section 241(a)(11) of the Act will be sustained. The respondent's appeal will be dismissed.

The respondent is a native and citizen of Colombia. At his hearing he admitted that he entered the United States on August 1, 1984, as a nonimmigrant visitor for pleasure and that he was authorized to remain in the United States until January 31, 1985. Therefore we find that deportability under section 241(a)(2) of the Act has been established by clear, unequivocal, and convincing evidence as required by 8 C.F.R. § 242.14(a) (1988) and *Woodby v. INS*, 385 U.S. 276 (1966). *See Matter of Teberen*, 15 I&N Dec. 689 (BIA 1976).

Section 241(a)(11) of the Act currently provides as follows:[1]

Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—

is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation of a State, the United States, or a foreign country *relating* to a controlled substance (as defined in section 101 of the Controlled Substances Act (21 U.S.C. 802)). (Emphasis added.)

The amended statute significantly broadens the drug-related criminal activities which warrant the expulsion or deportation of an alien. *See Matter of Hernandez-Ponce*, 19 I&N Dec. 613 (BIA 1988). The respondent admitted that he was convicted on April 9, 1985, in the Superior Court of Arizona of facilitation of the unlawful sale of cocaine. Section 13-1004.A of the Arizona Revised Statutes Annotated states as follows:

A person, other than a peace officer acting in his official capacity within the scope of his authority and in the line of duty, commits facilitation if, acting with knowledge that another person is committing or intends to commit an offense, such person knowingly provides such other person with means or opportunity for the commission of the offense and which in fact *aids* such person to commit the offense. (Emphasis added.)

We find that the offense of facilitation of the sale of cocaine is a crime which relates to a controlled substance. Although facilitation may not be a lesser included offense of selling cocaine, the respondent's actions, as defined by the Arizona statute, aided the commission of the crime. Therefore, we find the offense to be similar in nature to aiding and abetting. Aiding and abetting the sale of cocaine is a violation of a law relating to a controlled substance. *See Londono-Gomez v. INS*, 699 F.2d 475 (9th Cir. 1983). Further, the intent of the amendment of section 241(a)(11) was to expand the power of the Government to control drug use through the immigration laws. *See*

---

[1] Subsequent to the immigration judge's decision, this section was amended by the Antidrug Abuse Act of 1986, Pub. L. No. 99-570, 100 Stat. 3207.

*Matter of Hernandez-Ponce, supra.* Consequently, we find that the respondent is deportable under section 241(a)(11) of the Act. Accordingly, the Service appeal on this issue will be sustained. Since we find the respondent deportable under sections 241(a)(2) and (11) of the Act, we need not determine whether he is also deportable under section 241(a)(9) of the Act.

The respondent also appeals from the denial of his request for voluntary departure. By the express terms of section 244(e) of the Act, 8 U.S.C. § 1254(e) (1982), an alien deportable under section 241(a)(11) of the Act is ineligible for voluntary departure unless he separately qualifies under the provisions of section 244(a)(2) of the Act, which in the case of criminal offenders requires, inter alia, that the alien have been physically present in this country for a continuous period of not less than 10 years following his conviction. *See generally Matter of P-,* 6 I&N Dec. 788 (BIA 1955). The 10-year period is measured from the date of conviction, as it is the conviction that renders the alien deportable. In the instant case, the record reflects that the respondent was convicted of facilitation of the sale of cocaine on April 9, 1985. Since 10 years from the date of the conviction constituting the ground of deportability have not yet elapsed, the respondent is not eligible for voluntary departure.

Accordingly, the Service appeal concerning the issue of the respondent's deportability under section 241(a)(11) of the Act will be sustained. The respondent's appeal will be dismissed.[2]

**ORDER:**    The Service appeal from the immigration judge's decision dated October 22, 1985, is sustained.

**FURTHER ORDER:**    The respondent's appeal is dismissed.

---

[2] We note that the record of the deportation proceedings erroneously includes some of the documents pertaining to a Service appeal from the immigration judge's October 23, 1985, decision ordering a bond in the amount of $10,000 to be reduced to $2,000. The records and information pertaining to the bond, including the immigration judge's written memorandum giving reasons for the decision, have not been forwarded to the Board for adjudication of the bond appeal. *See* 8 C.F.R. § 242.2(c) (1988). In view of the disposition of the appeals concerning the deportation proceedings, the bond matters in issue in 1985 may be moot.