NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3788
_____

SHUKRI MANDOUH HUSSEIN,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No.  A079-734-295)
Immigration Judge:  Honorable Rosalind K. Malloy
_____

Submitted Under Third Circuit LAR 34.1(a)
December 16, 2010

Before:  JORDAN, HARDIMAN and VAN ANTWERPEN, *Circuit Judges*.

(Filed: December 16, 2010)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Shukri Mamdouh Hussein, a native of Kuwait and citizen of Jordan, petitions for

review of a final order of removal entered by the Board of Immigration Appeals (BIA). For the reasons that follow, we will deny the petition.

I

Because we write solely for the parties, we recite only the facts and procedural history necessary to our decision.

Hussein entered the United States on a non-immigrant student visa and remained in the country after graduating from the Kansas City Communications Institute in September 1989. On April 19, 1996, Hussein pleaded guilty before a New Jersey Superior Court to possessing drug paraphernalia,[1] which is classified as a "disorderly persons offense" under New Jersey law. A person convicted of a "disorderly persons offense" faces up to six months in jail and a fine of $1,000. N.J. STAT. ANN. § 2C:1-4. Hussein was sentenced to forty-two days in jail, and his driver's license was suspended for six months.

The Immigration and Naturalization Service served Hussein with a Notice to Appear (NTA) on March 21, 2003, charging him with: (1) failing to comply with the conditions of his admission, 8 U.S.C. § 1227(a)(1)(C)(i); (2) being an alien convicted of

---

[1] N.J. STAT. ANN. § 2C:36-2 makes it unlawful "for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, process, prepare, test, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, ingest, inhale, or otherwise introduce into the human body a controlled dangerous substance or controlled substance analogue."

2

two crimes involving moral turpitude, 8 U.S.C. § 1227(a)(2)(A)(ii); and (3) being an alien convicted of one crime "relating to a controlled substance," 8 U.S.C. § 1227(a)(2)(B)(i). Hussein conceded removability as to the first two charges, but denied ever having been convicted of a crime "relating to a controlled substance."[2] He also informed the Immigration Judge (IJ) that he intended to apply for adjustment of status under 8 U.S.C § 1255.

The IJ concluded that Hussein's conviction for possession of drug paraphernalia qualified as a conviction "relating to a controlled substance." The IJ reasoned that because "an object is not considered 'drug paraphernalia' under New Jersey law unless it is related in some way to a controlled or dangerous substance," Hussein's offense necessarily falls within the BIA's broad construction of 8 U.S.C. § 1227(a)(2)(B)(i). Having violated a state law "relating to a controlled substance," Hussein was deemed inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II), and ineligible for adjustment of status under 8 U.S.C. § 1255. Moreover, the IJ held that Hussein was not eligible for waiver of inadmissibility pursuant to 8 U.S.C. § 1182(h), because his drug offense did not involve possession of "30 grams or less of marijuana" for personal use, but rather the possession

---

[2] 8 U.S.C. § 1227(a)(2)(B)(i) provides: "Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country *relating to a controlled substance* (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable." (emphasis added).

3

of paraphernalia related to cocaine. Finding no factual or legal errors in the IJ's analysis, the BIA summarily affirmed the IJ's order.

On January 9, 2008, the United States Attorney General remanded the case to the BIA to consider whether a violation of a "disorderly persons offense" qualified as a "conviction" under the Immigration and Nationality Act (INA). The INA defines a "conviction" as "a formal judgment of guilt of the alien entered by a court . . . [where] the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." 8 U.S.C. § 1101(a)(48). A violation of state law does not constitute a "conviction" under 8 U.S.C. § 1101(a)(48) if an alien is found guilty of a crime "by a preponderance of the evidence" rather than "beyond a reasonable doubt." *Matter of Eslamizar*, 23 I. & N. Dec. 684, 688 (BIA 2004).

Because Hussein was found guilty of the crime of possessing drug paraphernalia "beyond a reasonable doubt," the BIA held that Hussein's offense qualified as a "conviction" under the INA. *See State of New Jersey v. J.T.*, 683 A.2d 1166 (N.J. Super. Ct. App. Div. 1996) (holding that the State must prove each element of a "disorderly persons offense" beyond a reasonable doubt). Accordingly, the BIA upheld the IJ's order of removal.

This timely petition for review followed.

II

We exercise jurisdiction to review final orders of removal under 8 U.S.C. §

4

1252(a).  We review constitutional and legal questions *de novo*, but defer to the BIA's reasonable interpretations of ambiguous provisions in the statutes it administers.  *I.N.S. v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999) ("the BIA should be accorded *Chevron* deference as it gives ambiguous statutory terms concrete meaning through a process of case-by-case adjudication") (internal citation and quotation marks omitted); *see also Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984).  However, "we accord no deference to [the BIA's] construction of a state criminal statute, as to which [the BIA] has no particular expertise."  *Jean-Louis v. Att'y Gen.*, 582 F.3d 462, 466 (3d Cir. 2009).

## A

Hussein argues that the BIA's interpretation of "conviction" is unreasonable, because it fails to distinguish between "disorderly persons offenses" and "crimes" under New Jersey law.  Hussein notes that in *Eslamizar*, the BIA distinguished between "crimes" and "violations" in Oregon's criminal code based, in part, on its finding that "violation proceedings are tried to the court sitting without a jury [and] the defendant need not be provided counsel at public expense."  23 I. & N. Dec. at 687.  Because "disorderly persons offenses" do not carry with them the right to indictment by a grand jury or the right to trial by jury, Hussein claims these offenses, like "violations" under Oregon law, do not qualify as convictions under the INA.  *See* N.J. STAT. ANN. § 2C:1-4.

The BIA has long held "that whether a conviction exists for purposes of a federal

5

statute is a question of federal law and should not depend on the vagaries of state law."
*Matter of Ozkok*, 19 I. & N. Dec. 546, 551 n.6 (BIA 1988) ("We find no rational or legal reason for according these two aliens different immigration status based on the criminal procedures of the states where they committed a crime."); *see also Batrez-Gradiz v. Gonzales*, 490 F.3d 1206, 1208 (10th Cir. 2007) (holding that a no contest plea and deferred sentence was a "conviction" under the INA, even though state law viewed the offender as never having committed a crime).

Nevertheless, the BIA has held that an offense proven by a mere "preponderance of the evidence" cannot qualify as a "conviction" under the INA. *Eslamizar*, 23 I. & N. Dec. at 687. This holding is based on "the bedrock principle of the Constitution of the United States that each element of an offense or crime must be proven beyond a reasonable doubt." *Id*. at 688 (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *In re Winship*, 397 U.S. 358 (1970)).

Unlike the right to have each element of a crime proven "beyond a reasonable doubt," the Constitution does not entitle a person facing up to six months in jail the rights to indictment by a grand jury or to a trial by jury. *Blanton v. N. Las Vegas*, 489 U.S. 538 (1989); *Hurtado v. California*, 110 U.S. 516 (1884). Thus, while the BIA referred to a number of procedural deficiencies in *Eslamizar*, it was the inadequate burden of proof that alone formed the basis for its holding. 23 I. & N. Dec. at 687.

As the BIA notes, the government bore the burden of proving every element of

Hussein's offense beyond a reasonable doubt. Hussein chose willingly to plead guilty to the offense, and the judge imposed "a restraint on [his] liberty" in the form of forty-two days in jail. *See* 8 U.S.C. § 1101(a)(48). Thus, it was not unreasonable for the BIA to determine that Hussein's offense qualified as a "conviction" under the INA.

B

Hussein also claims it was unreasonable for the IJ and BIA to conclude that possession of drug paraphernalia was an offense "relating to a controlled substance." 8 U.S.C. § 1227(a)(2)(B)(i). He argues that unlike offenses such as solicitation, attempt or facilitation—which the BIA has held "relate" to their underlying crimes—the crime of possessing drug paraphernalia does not "take its character and quality" from the possession or transportation of drugs. *See Matter of Beltran*, 20 I. & N. Dec. 521 (BIA 1992); *Matter of Del Risco*, 20 I. & N. Dec. 109 (BIA 1989); *Matter of Chang*, 16 I. & N. Dec. 90 (BIA 1977).

Hussein's argument is unpersuasive. Although we have not ruled directly on this question, several of our sister circuits have held that the crime of possessing drug paraphernalia relates to the crime of possessing drugs, as "it is the relation of the given pipe to its use with the forbidden drug that makes it 'drug paraphernalia.'" *Barraza v. Mukasey*, 519 F.3d 388, 392 (7th Cir. 2008); *see also Luu-Le v. INS*, 224 F.3d 911, 915-16 (9th Cir. 2000); *Alvarez Acosta v. Att'y Gen.*, 524 F.3d 1191, 1193, 1196 (11th Cir. 2008). Hussein attempts to distinguish these cases by noting that while they involved

7

state statutes which classified possession of drug paraphernalia as felony or misdemeanor offenses, the New Jersey criminal code treats Hussein's violation as a minor "disorderly persons offense." Although he is correct in this regard, Hussein fails to explain why the type of penalty associated with a crime is relevant to determining whether the crime "relates to" a controlled substance.

Moreover, while we review *de novo* the question of whether a particular offense constitutes a crime "relating to" a controlled substance, we do so in light of the BIA's broad construction of the "relating to" clauses in 8 U.S.C. § 1227(a)(2)(B)(i) and 8 U.S.C. § 1182(a)(2)(A)(i)(II). Because "the phrase 'relates to' creates interpretive problems," *Barraza*, 519 F.3d at 391, *Chevron* requires us to defer to the BIA's interpretation of these provisions if we find them to be reasonable. *Valansi v. Ashcroft*, 278 F.3d 203, 208 (3d Cir. 2002).

Hussein argues that the BIA's expansive reading of "relating to" disregards legislative history indicating that Congress enacted these provisions to increase the penalties associated with "major" drug trafficking. The statute's plain language, however, suggests that Congress intended the provisions to extend to a wide population of drug offenders. For instance, the government can show inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i)(II) by demonstrating that an alien has "admitted" to the facts underlying a drug-related offense, even if he has not been convicted of the offense in state court. Moreover, under 8 U.S.C. § 1227(a)(2)(B)(ii), any alien who is a drug abuser or

8

addict is removable.

Given the wide scope of drug-related offenses triggering adverse immigration consequences, and the government's low evidentiary bar for showing inadmissibility, we find the BIA's broad reading of these provisions to be reasonable. *See also Morales v. TWA*, 504 U.S. 374, 383 (1992) ("The ordinary meaning of the[] words ['relating to'] is a broad one – 'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with . . . .'") (citing BLACK'S LAW DICTIONARY 1158 (5th ed. 1979)). Moreover, we agree with the Seventh, Ninth, and Eleventh Circuits' determinations that the offense of possessing drug paraphernalia is closely linked to the offense of possessing drugs. As such, an alien convicted of either offense may be deemed removable and inadmissible under the BIA's broad construction of these provisions.

Because the record indicates that Hussein's crime "relates" to the use of cocaine, A.R. 208, and Hussein failed to allege before the IJ that his drug paraphernalia offense involved thirty grams or less of marijuana, the IJ did not err in finding that Hussein's offense fell outside its limited waiver provision, rendering him ineligible for adjustment of status.

For the foregoing reasons, we will deny Hussein's petition for review.