UNITED STATES of America, Plaintiff-Appellee,

v.

Hector GONZALEZ, Defendant-Appellant.

Nos. 78–1003, 78–1075.

United States Court of Appeals, Seventh Circuit.

Argued June 9, 1978.

Decided Sept. 8, 1978.

---

James A. Walrath, Milwaukee, Wis., for defendant-appellant.

Leah M. Lampone, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before CUMMINGS and TONE, Circuit Judges, and CAMPBELL, Senior District Judge.[*]

CUMMINGS, Circuit Judge.

This unusual appeal from a criminal conviction focuses not on the conviction itself but rather on a potential collateral effect of the conviction on the deportability of the defendant. On October 26, 1977, defendant Hector Gonzalez was convicted of unlawful distribution of heroin in violation of 21 U.S.C. § 841(a)(1)[1] and 18 U.S.C. § 2.[2] Six days after he was sentenced,[3] the defendant appealed his conviction and also moved in the district court for a recommendation against deportation pursuant to 8 U.S.C. § 1251(b). In a decision and order entered January 9, 1978, the district court denied that motion and defendant appealed. Al-

---

[*] Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

1. Section 841(a)(1) provides:

"(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

"(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance * * *."

2. Section 2 provides:

"(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

"(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

3. Imposition of a sentence of imprisonment was suspended and the defendant was placed on probation for two years.

though the two appeals were consolidated for argument, defendant has abandoned his appeal of the conviction and now seeks review only of the denial of the recommendation against deportation.

The statute governing deportation based on criminal activity, 8 U.S.C. § 1251, is rather straightforward. It provides in subsection (a)(4) that any alien shall be deported upon the order of the Attorney General if that alien is convicted of a crime involving moral turpitude within five years after entry and sentenced to more than one year in prison, or if at any time after entry the alien is convicted of two crimes of moral turpitude not arising out of the same scheme of misconduct. Subsection (a)(11) provides the same remedy for aliens who are narcotic drug addicts or who have been convicted of a violation of or a conspiracy to violate any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana. Subsection (b), however, provides in pertinent part that the provisions of subsection (a)(4) shall not apply if within thirty days after first imposing judgment or passing sentence the sentencing court recommends to the Attorney General that the alien not be deported. The last sentence of subsection (b) makes clear that "the provisions of this subsection shall not apply in the case of any alien who is *charged with being deportable * * * under subsection (a)(11) of this subsection*" (emphasis supplied).

In rejecting defendant's request for a subsection (b) recommendation, the district court did not decide that given defendant's character or the circumstances of his crime no recommendation was appropriate, but rather held that the provisions of 8 U.S.C. § 1251 precluded any recommendation because defendant had committed a narcotics offense. While not questioning that his crime could have fallen under subsection (a)(4), defendant first argues that the district court erroneously viewed his crime as a subsection (a)(11) offense not entitled to a recommendation; it is defendant's contention that aiding and abetting a drug offense is not included within subsection (a)(11). It would follow that the crime would be a

subsection (a)(4) offense and that Judge Reynolds could have made a recommendation against deportation if he so desired. Alternatively, defendant contends that the last sentence of subsection (b) does not preclude a recommendation even if his offense fell under subsection (a)(11) because at the time he requested the recommendation he was not yet "charged with being deportable" by immigration officials.

## I. *Jurisdiction*

Before exploring the merits of these two arguments, it is necessary to determine whether a denial of a motion for a recommendation against deportation is appealable. All the cases cited to us involving interpretations of Section 1251 have come up in the posture of appeals from orders of deportation, so that this issue apparently is one of first impression. Arguably the decision on a recommendation is only an initial step in deportation proceedings; since the propriety of the district court's interpretation of subsection (a)(11) could be raised in those proceedings (see, e. g., *Castaneda de Esper v. Immigration and Naturalization Service*, 557 F.2d 79 (6th Cir. 1977)) and since the issue might not arise if no deportation proceedings are instituted or if they are instituted pursuant to a different provision (see, e. g., *Jew Ten v. Immigration and Naturalization Service*, 307 F.2d 832 (9th Cir. 1962)), the issue might not be sufficiently ripe for judicial review. Cf. *Longshoremen's Union v. Boyd*, 347 U.S. 222, 74 S.Ct. 447, 98 L.Ed. 650.

On the other hand, the fact that the decision on the recommendation is made by a judge and not by the deporting agency makes the analogy to administrative agency ripeness cases imperfect, and raises a problem with not providing a prompt opportunity to correct a district judge's mistaken belief that he could not make a recommendation: during the deportation proceedings, which may take place long after the conviction, if a court determines that a recommendation could have been made, the district judge may no longer be available to reconsider the issue, even assuming the

statute's 30-day limitation could be avoided. Compare *Cerujo v. Immigration and Naturalization Service,* 570 F.2d 1323 (7th Cir. 1978).

This uncharted jurisdictional issue [4] need not be decided here because if the denial is not appealable the merits of defendant's argument could be considered by treating the appeal as a petition for a writ of mandamus to the district court. The district judge refused to consider whether a recommendation was proper in this case because he thought his discretion was foreclosed by the statute. It is well settled that under certain circumstances mandamus is "available to compel a judge or officer to exercise discretion which he has erroneously considered himself to lack." *United States v. Nebbia,* 357 F.2d 303, 305 (2d Cir. 1966); see *Work v. United States ex rel. Rives,* 267 U.S. 175, 184, 45 S.Ct. 252, 69 L.Ed. 561. This case is a particularly appropriate one for the application of that principle given the consequences noted above of an erroneous refusal by a district judge to exercise his discretion to decide whether or not to make a recommendation. Therefore even if the district court's order is non-appealable we will treat the papers as a petition for mandamus.[5] See 9 *Moore's Federal Practice* # 110.28.

## II. *The Merits*

The defendant's first argument, that because he was convicted as an aider and abetter he was not convicted of a drug offense for purposes of subsection (a)(11), rests on the erroneous assumption that the aiding and abetting statute (18 U.S.C. § 2) creates a separate crime. To the contrary, that statute merely codified the accepted

principles governing who could be held liable for the commission of a substantive offense. See *Nye & Nissen v. United States,* 336 U.S. 613, 620, 69 S.Ct. 766, 93 L.Ed. 919; *United States v. Gerhart,* 275 F.Supp. 443, 455 (S.D.W.Va.1967); 18 U.S.C. § 2 note. In fact, the indictment against Gonzalez would have been proper had it simply charged a violation of 21 U.S.C. § 841(a)(1), without reference to 18 U.S.C. § 2. See *United States v. Aldridge,* 484 F.2d 655 (7th Cir. 1973), *certiorari denied,* 415 U.S. 921, 94 S.Ct. 1423, 39 L.Ed.2d 477; *Glass v. United States,* 328 F.2d 754 (7th Cir. 1964), *certiorari denied,* 377 U.S. 983, 84 S.Ct. 1892, 12 L.Ed.2d 751; see generally *United States v. Maselli,* 534 F.2d 1197 (6th Cir. 1976).

Once the nature of the aiding and abetting statute is understood, it is clear that defendant's reliance on *Castaneda de Esper v. Immigration and Naturalization Service,* 557 F.2d 79 (6th Cir. 1977) and on the Narcotic Control Act of 1956 is misplaced. *Castaneda's* holding that a conviction for misprision of felony does not fall within subsection (a)(11) is inapplicable because misprision of felony, as the *Castaneda* opinion recognized and emphasized, is a separate offense and has a separate penalty provision. Defendant's attempt to draw an implication from Congress' decision to add a specific reference to conspiracies in subsection (a)(11) in the Narcotic Control Act of 1956 is unpersuasive for the same reason. Even assuming that addition was a necessary one rather than merely a precaution, conspiracy, like misprision of felony, is a separate offense with a separate penalty. See, *e. g.,* 21 U.S.C. § 846. Therefore the fact that conspiracy might not otherwise

---

**4.** While the well-recognized principles of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, may provide some guidance, *Cohen* cannot be controlling because that case focuses on an appeal of a "collateral order" while the rest of the case remained in the district court, rather than the situation involved here in which the question is whether a "collateral" issue can be heard on appeal with the rest of the case or whether it must await disposition until after the rest of the case is decided. *Cf. Coopers & Lybrand v.*

*Livesay,* —— U.S. ——, 98 S.Ct. 2454, 57 L.Ed.2d 351.

**5.** Our treatment of the appeal as a petition for mandamus prejudices neither party. The defendant is not prejudiced because the issue in the case is purely a question of statutory construction, so that any altered standard of review for mandamus cases has no effect. In light of our disposition of the case, the Government is not prejudiced either.

have been included in subsection (a)(11) does not support a similar conclusion about aiding and abetting, which creates no crime apart from the substantive offense charged. While it is true that deportation statutes are construed narrowly (see *Fong Haw Tan v. Phelan,* 333 U.S. 6, 10, 68 S.Ct. 374, 92 L.Ed. 433), it is plain that the purpose of 18 U.S.C. § 2 is to treat this defendant like any other violator of Section 841(a)(1); therefore he stands convicted of a law relating to the illicit traffic in narcotic drugs under 8 U.S.C. § 1251(a)(11).

Equally unpersuasive is defendant's second argument that though convicted of a subsection (a)(11) crime he still is entitled to a recommendation under subsection (b). While defendant's focus on the proviso's phrase, "charged with being deportable" (p. 1164, *supra*) may on first glance lend support to the theory that the proviso restricts recommendations only after an alien has been charged in a deportation proceeding[6] more careful analysis indicates the contrary. As a matter of textual interpretation, a reading of subsection (b) and the statute as a whole indicates that the statutory language is aimed at the Attorney General when he decides to commence deportation proceedings. There is no need to advise the sentencing judge beyond describing the procedures he must follow because the determination of whether defendant's crimes make him deportable is not in the hands of the sentencing judge. Thus the language "charged with being deportable" merely advises the Attorney General that if he is seeking to deport an alien under subsection (a)(11), recommendations do not apply. From another perspective, defendant's interpretation of subsection (b) must be incorrect because it would undermine the clear intent of subsection (a)(11) and of the amendment to subsection (b) that added the final sentence of that subsection. Since deportation proceedings under subsection

(a)(11) cannot commence until after the appeal of the conviction (see *Aguilera Enriquez v. Immigration and Naturalization Service,* 516 F.2d 565, 570 (6th Cir. 1975), certiorari denied, 423 U.S. 1050, 96 S.Ct. 776, 46 L.Ed.2d 638), and since recommendations must be made within thirty days of first imposing judgment, absent unusual circumstances if an appeal is filed, at the time the recommendation is requested the defendant never will have been charged with being deportable, unless he previously had been convicted of a crime. Thus the effect of defendant's argument would be to allow a recommendation—and thus not make deportation certain—for every alien convicted of his first subsection (a)(11) offense. Because Congress' intention was precisely the opposite (see 2 U.S.Code Cong. & Admin.News 1956, p. 3274), the defendant's reading of subsection (b) cannot be accepted.

Therefore the district judge was correct in refusing as a matter of law to consider a recommendation against deportation. The appeal of the denied recommendation having been treated as a motion for a writ of mandamus, we hereby deny that writ.[7]

---

**6.** Apart from any meaning given to the proviso in the last sentence of subsection (b), it could be argued that the first sentence of that subsection makes clear that recommendations only aid aliens in proceedings under subsection (a)(4). But see *United States ex rel. De Luca v. O'Rourke,* 213 F.2d 759 (8th Cir. 1954).

**7.** In view of the mandamus route taken in this opinion, the appeals are hereby dismissed.