**LONE STAR STEEL COMPANY, Petitioner,**

v.

**The UNITED STATES of America and Interstate Commerce Commission, Respondents.**

No. 78–2154.

United States Court of Appeals, Fifth Circuit.

Aug. 8, 1979.

Rehearing and Rehearing En Banc Denied Sept. 28, 1979.

Ralph W. Currie, Dallas, Tex., E. Stephen Heisley, Lester R. Gutman, Washington, D. C., for petitioner.

Robert L. Thompson, App. Section, Mark L. Evans, David Popowski, Gen. Counsel, I.C.C., Washington, D. C., for respondents.

Philip S. Brown, Associate Gen. Counsel, Kansas City Southern Lines, Robert K. Dreiling, Kansas City, Mo., Guy C. Lyman, Jr., New Orleans, La., Donal L. Turkal, St. Louis-San Francisco Railway Co., St. Louis, Mo., for Kansas City Sou., et al.

---

Before COLEMAN, GODBOLD and IN-GRAHAM, Circuit Judges.

GODBOLD, Circuit Judge:

Petitioner seeks review of the ICC's decision not to suspend and investigate certain rail freight tariffs under § 15(8)(a) of the Interstate Commerce Act, 49 U.S.C. § 15(8)(a) (1976).[1] The Commission's decision not to investigate under § 15(8)(a) was based on its determination that the tariffs complained of became effective before filing of the petition. Petitioners would have us order the Commission to proceed with such an investigation.

Such relief is clearly precluded by the Supreme Court's recent decision in *Southern Ry. Co. v. Seaboard Allied Milling Corp.*, —— U.S. ——, 99 S.Ct. 2388, 60 L.Ed.2d 1017 (1979). There the Court held that the decision whether to commence a § 15(8)(a) investigation is committed to the discretion of the ICC and rejected the Eighth Circuit's position that the Commission may be ordered to so act when "a substantial issue of patent illegality has been presented." *Seaboard Allied Milling Corp. v. ICC*, 570 F.2d 1349, 1355 (CA8, 1978). After an extensive review of the structure and history of the Act, the Court concluded that there is " ' "clear and convincing evidence" that Congress meant to prohibit all judicial review' of the Commission's limited decision not to initiate an investigation under § 15(8)(a) . . ." —— U.S. at ——, 99 S.Ct. at 2398, *citing Dunlop v. Bachowski*, 421 U.S. 560, 568, 95 S.Ct. 1851, 1858, 44 L.Ed.2d 377, 386 (1975).[2]

It could be argued that the present case is distinguishable from *Seaboard* in that the refusal here was based on the preliminary legal conclusion that the petition was not timely filed rather than discretionary policy grounds.[3] While this factor was not relied upon by the Supreme Court, it could be used to bring this case within the narrow line of cases holding that even where an action is discretionary the decisionmaker must in fact exercise his discretion and not refuse to even consider discretionary action on the basis of an erroneous legal premise.[4] Thus if the contention were that the Commission was wrong in holding that a § 15(8)(a) investigation may not be based on a petition filed after a tariff becomes effective, it might well be proper for us to reach the merits of that contention and (if we agreed with petitioner) remand to the Commission for a reconsideration in its discretion of whether to make such an investigation.[5] But the issue on which petitioner

---

1. The entire Act has been revised and recodified by P.L. 95–473, 92 Stat. 1337 (1978). The provisions of § 15(8)(a) are now contained in 49 U.S.C. § 10707.

2. The reason that decision is "limited" is that shippers may insist on review of tariffs in a proceeding under 49 U.S.C. § 13(1) (1976). ICC review under § 13(1) is somewhat less advantageous to shippers than review under § 15(8)(a). The differences involve burden of proof and measure of damages. *See* —— U.S. at ——, 99 S.Ct. 2388.

3. The ICC's refusal to conduct a § 15(8)(a) investigation in *Seaboard* was based on substantive policy grounds regarding allowance of experimental ratemaking. —— U.S. at ——, 99 S.Ct. 2388.

4. For example, in *Southern California District Council of Laborers, Local 1184 v. Ordman*, 318 F.Supp. 633 (C.D.Cal.1970), the NLRB General Counsel had refused to issue an unfair labor practice complaint based on a conclusion that charges had not been timely filed. The court held this conclusion erroneous. However, in view of the General Counsel's broad discretion in this area, the court declined to order issuance of a complaint and instead merely ordered the General Counsel to reconsider the case in his discretion. Analogous cases have involved mandamus, which may lie "to compel a judge or officer to exercise discretion which he has erroneously considered himself to lack." *U. S. v. Nebbia*, 357 F.2d 303 (CA2, 1966), *citing Work v. U. S. ex rel. Rives*, 267 U.S. 175, 45 S.Ct. 252, 69 L.Ed. 561 (1925); *U. S. v. Gonzales*, 582 F.2d 1162 (CA7, 1978); *Nixon v. Secretary of the Navy*, 422 F.2d 934 (CA2, 1970).

5. As the Commission points out, this is not petitioner's contention and could not be in view of *U. S. v. Chesapeake & Ohio R. Co.*, 426 U.S. 500, 513, 96 S.Ct. 2318, 2325, 49 L.Ed.2d 14, 23 (1976).

seeks review is the complex determination of when tariff changes are effective, and this may turn on such minutiae as the Commission's typographical rules for tariff schedules. While it may be a threshold issue, it is one well left to the discretion and expertise of the Commission. We therefore see no reason to depart from the general rule that ICC determinations not to commence a § 15(8)(a) investigation are not reviewable in the Courts of Appeals.

The petition is DENIED.