931 F.2d 63
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel ARAGON, Defendant-Appellant.
 No. 90-1174.
 United States Court of Appeals, Tenth Circuit.
 April 25, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 We have before us Manuel Aragon's appeal from the district court's denial of his motion to set aside his guilty plea to two felony charges for illegal use of a communication facility to distribute cocaine, in violation of 21 U.S.C. Sec. 843(b). Aragon argues that he has been denied due process and the effective assistance of counsel. The basis of this claim is that his counsel failed to advise him concerning the deportation consequences of his pleading guilty and that the attorney failed to ask the court for a recommendation against deportation. On appeal Aragon emphasizes his inability to speak or understand the English language, and alleges that there is nothing in the record to indicate his court-appointed attorney could speak or understand Spanish or had the assistance of an interpreter. Aragon contends that if he had known about the possibility of being deported, he would have entered a not guilty plea.
 
 
 3
 An affidavit of the attorney who represented Aragon in the criminal proceeding states: (1) during his representation he became aware that Aragon was a Mexican citizen not legally present in the United States; (2) he knew the government would not allow Aragon to plead to a charge which might not result in deportation; and (3) he advised Aragon that deportation would be a likely consequence of his plea, but that the plea to reduced charges nevertheless was in Aragon's best interest. The government points to the record at the change of plea hearing in which the court asked Aragon questions in English concerning his personal history and whether he understood English. Defendant stated that he understood some but not all. At that hearing defendant was provided with an interpreter.
 
 
 4
 Defense counsel stated then in open court that, with an interpreter present, he had gone over the information with the defendant, and that defendant stated he understood the charges against him and wished to plead guilty. At the sentencing hearing, with an interpreter present, before imposing the sentence, the court specifically discussed the probability of defendant's deportation. Under these circumstances we hold that the district court properly denied the motion for a change of plea and found counsel was constitutionally adequate.
 
 
 5
 Further, we agree with the government that it would have been unnecessary for the court to advise Aragon concerning deportation, which is a civil proceeding, not a part of the criminal proceeding before the court. See United States v. George, 869 F.2d 333, 337 (7th Cir.1989) (deportation collateral to criminal proceeding). Thus, even if counsel failed to inform Aragon of the likely deportation consequences arising out of his guilty plea in the criminal case, this would not constitute ineffective assistance of counsel. See id. at 337-38; Santos v. Kolb, 880 F.2d 941, 945 (7th Cir.1989), cert. denied, 110 S.Ct. 873 (1990); United States v. DeFreitas, 865 F.2d 80, 82 (4th Cir.1989); United States v. Campbell, 778 F.2d 764, 768 (11th Cir.1985). We also agree that no plea for a recommendation against deportation could have been effective, because deportation is required when an alien is convicted of felony involving distribution of cocaine. See 8 U.S.C. Sec. 1251(a)(11); United States v. Gonzalez, 582 F.2d 1162, 1166 (7th Cir.1978). Therefore no charge of counsel's inadequacy can be based upon the failure to make such a recommendation.
 
 
 6
 AFFIRMED.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3