**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Victoria F. MURPHEY,
Defendant–Appellant.**

**No. 90–10178.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 16, 1991 *.

Withdrawn Feb. 13, 1991.

Resubmitted March 26, 1991.

Decided April 29, 1991.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

**607**

Before TANG, BOOCHEVER and NOONAN, Circuit Judges.

BOOCHEVER, Circuit Judge:

Victoria Murphey appeals the district court's denial of her motion for a judicial recommendation against deportation. We affirm.

## BACKGROUND

Murphey is a Filipino citizen who has been in the United States since 1985. In late 1989, she pleaded guilty to the crime of importation of a controlled substance. Prior to sentencing, the Immigration and Naturalization Service served her with an order to show cause, asserting that she was subject to deportation under 8 U.S.C. § 1251(a)(4)(B) which defines as deportable any alien who is "convicted of an aggravated felony at any time after entry."

After sentencing, she filed a motion for a judicial recommendation against deportation (JRAD) pursuant to 8 U.S.C. § 1251(b)(2). Before the district court decided her motion, the INS served her with an additional charge of deportability under 8 U.S.C. § 1251(a)(11) which defines as deportable any alien who "at any time has been convicted of a violation of ... any law ... [of] the United States ... relating to a controlled substance." At that time, § 1251(b)(2), the JRAD-issuing authority, did "not apply in the case of any alien who is charged with being deportable from the United States under subsection (a)(11) of [§ 1251]." Consequently, the district court denied the JRAD motion, finding that it lacked "the authority to make such a recommendation" due to the (a)(11) exception of § 1251(b)(2). Murphey timely appealed.

## DISCUSSION

The sole issue on appeal[1] is whether the district court mistakenly believed it lost

Adrienne S. King, King and King, Honolulu, Hawaii, for defendant-appellant.

Jennifer E. Levy, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

1. It is unclear whether a denial of a motion for a recommendation against deportation is an appealable order. *See United States v. Gonzalez,* 582 F.2d 1162, 1164–65 (7th Cir.1978) (court opined that the case might not be ripe as recommendation is only initial step in deportation proceedings; on the other hand, as the deportation proceedings may take place long after sentencing, there should be a prompt opportunity to correct a district judge's mistaken belief that

jurisdiction to grant a JRAD as applied to the proceedings initiated under subsection (a)(4)(B), the "aggravated felony" provision of 8 U.S.C. § 1251, when an additional charge was filed under subsection (a)(11), the "controlled substance" provision. Since the submission of this appeal, any question concerning the district court's authority to grant such a recommendation has been resolved by passage of the Immigration Act of 1990, Pub.L. No. 101–649, § 505(a), 104 Stat. 4978, 5050 (1990).

At the time Murphey filed her JRAD motion, the relevant subsections of 8 U.S.C. § 1251 provided:

### § 1251. Deportable aliens

### (a) General Classes

Any alien in the United States ... shall, upon the order of the Attorney General, be deported who—

.    .    .    .    .

(4) is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more, or who at any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial; or (B) is convicted of an aggravated felony at any time after entry;

.    .    .    .    .

(11) is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation of a State, the United States, or a foreign country relating to a controlled substance [as defined in section 802 of title 21]

.    .    .    .    .

### (b) Nonapplicability of Subsection (a)(4)

The provisions of subsection (a)(4) of this section respecting the deportation of an alien convicted of a crime or crimes shall not apply (1) in the case of any alien who has subsequent to such conviction been granted a full and unconditional pardon by the President of the United States or by the Governor of any of the several States, or (2) if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported, due notice having been given prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter. The provisions of this subsection shall not apply in the case of any alien who is charged with being deportable from the United States under subsection (a)(11) of this section.

The Immigration Act of 1990 altered subsection (b) to read:

The provisions of subsection (a)(4) of this section respecting the deportation of an alien convicted of a crime or crimes shall not apply in the case of any alien who has subsequent to such conviction been granted a full and unconditional pardon by the President of the United States or by the Governor of any of the several States. The provisions of this subsection shall not apply in the case of any alien who is charged with being deportable from the United States under subsection (a)(11) of this section or who has been convicted of an aggravated felony.

Pub.L., § 505(a), 104 Stat. at 5050.

Sentencing judges therefore were divested of the authority to issue JRADs, and Congress clarified the inapplicability of the

---

he could not make a recommendation). We need not decide this "uncharted jurisdictional issue," *id.* at 1165, however, as the government

is agreeable to treating the appeal as a petition for a writ of mandamus to the district court. 28 U.S.C. § 1361 (1988).

pardon provision to aliens convicted of drug-related offenses and aggravated felonies. Any uncertainty as to a court's authority to issue a JRAD as to an (a)(4)(B) "aggravated felony" charge, despite a pending (a)(11) "controlled substance" charge, was thus resolved. A court does not have this authority under the amended statute.

The Act further provides that the amendment "shall take effect on the date of the enactment of this Act and shall apply to convictions entered before, on, or after such date." Pub.L., § 505(b), 104 Stat. at 5050. As a result of that amendment, any question in this case as to the district court's authority under the *prior* wording of the statute to issue a JRAD as to Murphey's (a)(4)(B) charge when she was charged under both (a)(4)(B) and (a)(11) has become moot because, even if previously it was permitted, such authority no longer exists. Consequently, the JRAD denial is not a correctable error. The judgment of the district court therefore is AFFIRMED.