956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raul Arturo HERRERA, Defendant-Appellant.
 No. 91-30098.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 3, 1992.*
Decided March 10, 1992.
 
 Before CYNTHIA HOLCOMB HALL, O'SCANNLAIN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court is affirmed for the following reasons:
 
 
 3
 (1) Basing the sentence on both Herrera's uncharged cocaine sales and the heroin sale for which he was convicted was proper. U.S.S.G. § 1B1.3; United States v. Turner, 898 F.2d 705, 710-11 (9th Cir.), cert. denied, 110 S.Ct. 2574 (1990). The district court's factual determination that the cocaine and heroin sales were part of a common scheme was not clearly erroneous. See United States v. Avila, 905 F.2d 295, 297 (9th Cir.1990).
 
 
 4
 (2) The district court's finding that Herrera was not entitled to a two-point reduction as a minor participant was not clearly erroneous. All relevant conduct, not just the count of conviction, is considered in determining whether an adjustment for defendant's role in the offense is warranted. United States v. Lillard, 929 F.2d 500, 503 (9th Cir.1991). Herrera's role in the overall scheme to distribute heroin and cocaine was not minor.
 
 
 5
 (3) Nothing in the record indicates that the district court believed it lacked the authority to depart downward based on Herrera's rehabilitation from drug addiction. The discretionary refusal to grant a downward departure is not reviewable. United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990).
 
 
 6
 (4) Pursuant to the provisions of the Immigration Act of 1990, Pub.L. 101-649, § 505(a), 104 Stat. 5050 (1990), the district court lacked authority to issue a recommendation against deportation. United States v. Murphey, 931 F.2d 606 (9th Cir.1991). The Immigration Act of 1990 does not violate the ex post facto clause, because that clause does not apply to deportation proceedings. Galvan v. Press, 347 U.S. 522, 531 (1952); see United States v. Bodre, 948 F.2d 28 (1st Cir.1991).
 
 
 7
 This court has recently held that the district court's ruling on a motion for a judicial recommendation against deportation is appealable as "an integral part of the sentencing process." United States v. Shaibu, No. 90-30220 (9th Cir. Feb. 20, 1992). However, that the motion may be procedurally combined with criminal proceedings does not makes its substantive effect criminal. The judicial recommendation against deportation has a substantive effect only upon deportation proceedings. Repeal of the statutory authorization for such recommendations consequently does not offend the Constitution.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3