# MATTER OF BELTRAN

In Deportation Proceedings

A-28719740

*Decided by Board May 28, 1992*

A conviction for solicitation to commit a crime relating to a controlled substance renders an alien deportable under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(11) (1988), as an alien convicted of a violation of a law relating to a controlled substance.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Entered without inspection

Sec. 241(a)(11) [8 U.S.C. § 1251(a)(11)]—Convicted of controlled substance violation

ON BEHALF OF RESPONDENT:
Jose A. Bracamonte, Esquire
Fajardo, Garcia Gallegos & Bracamonte
1100 East Washington Street, Suite 125
Phoenix, Arizona 85034

ON BEHALF OF SERVICE:
Dorothea P. Kraeger
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated November 27, 1989, the immigration judge found the respondent deportable under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(11) (1988),[1] as an alien convicted of a crime relating to a controlled substance, and ordered him deported from the United States.[2] The respondent has appealed from that decision. The appeal will be dismissed.

---

[1] This section of the Act has been revised and redesignated as section 241(a)(2)(B)(i) of the Act, 8 U.S.C. § 1251(a)(2)(B)(i) (Supp. II 1990), by section 602(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5080, but that amendment does not apply to deportation proceedings for which notice has been provided to the alien before March 1, 1991. *See* section 602(d) of the Immigration Act of 1990, 104 Stat. at 5082.

[2] The respondent was also charged with deportability under section 241(a)(2) of the Act, as an alien who entered the United States without inspection. However, the record reflects that he had been granted temporary residence, so the immigration judge did not find him deportable on that ground.

The respondent is a 25-year-old native and citizen of Mexico who last entered the United States without inspection on April 15, 1985. The record reflects that he was convicted on May 12, 1989, in the Superior Court of Arizona, Maricopa County, of solicitation to possess narcotic drugs.[3]

At his deportation hearing, the respondent denied that he was deportable under section 241(a)(11) of the Act and submitted a motion to dismiss to the immigration judge. In the motion to dismiss, the respondent argued that under Arizona law, the crime of solicitation is a separate and distinct offense from the narcotics laws and therefore is not a violation of a law relating to a controlled substance. He relied primarily on the decision in *Castaneda de Esper v. INS*, 557 F.2d 79 (6th Cir. 1977), in which it was held that a conviction for misprision of a felony, in that case conspiracy to possess heroin, was not a conviction for a violation of a law relating to the illicit possession of narcotic drugs. In its opinion, the court noted that the crime of misprision of a felony has historically been a criminal offense separate and distinct from the particular felony concealed. The court further stated that the language of the statute defining misprision of a felony did not indicate that it was contemplated to be a narcotic law, and that the statute was not included by reference in any part of the federal code pertaining to drugs. The respondent asserted that the Arizona solicitation statute was similar in that it contains no reference to narcotics laws and does not otherwise indicate that it was contemplated as a controlled substance law.

The respondent also sought to distinguish the Arizona solicitation statute from the crime of aiding and abetting. He noted that in *Londono-Gomez v. INS*, 699 F.2d 475 (9th Cir. 1983), aiding and abetting the distribution of cocaine was found to be a crime relating to

---

[3] The Arizona statute defining the crime of solicitation provides in pertinent part as follows:

A. A person, other than a peace officer acting in his official capacity within the scope of his authority and in the line of duty, commits solicitation if, with the intent to promote or facilitate the commission of a felony or misdemeanor, such person commands, encourages, requests or solicits another person to engage in specific conduct which would constitute the felony or misdemeanor or which would establish the other's complicity in its commission.

B. Solicitation is a:

1. Class 3 felony if the offense solicited is a class 1 felony.

2. Class 4 felony if the offense solicited is a class 2 felony.

. . . .

7. Class 3 misdemeanor if the offense solicited is a misdemeanor.

Ariz. Rev. Stat. Ann. § 13-1002 (1989). In this case, the crime of solicitation, considered a preparatory offense under Arizona law, was charged in conjunction with the underlying substantive offense of possession of narcotic drugs.

narcotic drugs, in part because a person convicted under the aiding and abetting statute is subject to the same penalties as one convicted under the statute defining the substantive offense. The respondent contended that the penalties prescribed by the Arizona solicitation statute, on the other hand, are separate and distinct from those imposed for the underlying offense of possession of a narcotic drug. Another difference claimed by the respondent was that, unlike aiding and abetting, which according to *United States v. Gonzalez*, 582 F.2d 1162, 1166 (7th Cir. 1978), creates no crime apart from the substantive offense charged, solicitation is separate from the underlying crime.

Finally, citing *Matter of Bronsztejn*, 15 I&N Dec. 281 (BIA 1974), *aff'd*, 526 F.2d 1290 (2d Cir. 1975), the respondent argued that solicitation is also unlike the crime of attempt because it does not take its character or quality from the underlying offense. He stated that solicitation is a substantive crime in itself, not an abortive effort to commit the crime solicited, and that its elements are distinct from the crime of attempt.

The immigration judge rejected the arguments presented by the respondent. She acknowledged that the solicitation statute does not refer to narcotic drugs, but noted that, in addition to being charged with solicitation, the respondent was charged with violating section 13-3408 of the Arizona Revised Statutes, which prohibits the possession of narcotic drugs. Therefore, she found that he had been convicted of a crime relating to a controlled substance. On appeal the respondent has reiterated the arguments presented to the immigration judge.

In order to determine whether the crime of solicitation to possess narcotic drugs under Arizona law is a crime relating to a controlled substance under the immigration laws, we must first examine the nature and history of the offense. According to the statute, a person is guilty of solicitation if he "commands, encourages, requests or solicits" another person to engage in criminal activity with the intent to promote or facilitate the commission of the crime. Ariz. Rev. Stat. Ann. § 13-1002.[4] Under Arizona law, the crime of solicitation is classified as a preparatory offense, along with attempt, conspiracy, and facilitation. Such crimes are also commonly known as inchoate crimes, which is the term used by the Model Penal Code (1985).

According to the introduction to Article 5 of the Model Penal Code,

---

[4] In regard to the nature of the crime of solicitation, it has been stated: "The gist of this offense is incitement. In brief, the gravamen of this common-law misdemeanor lay in counselling, enticing, or inducing another to commit a crime . . . . " Clark and Marshall, *Law of Crimes* 219-23 (7th ed. 1967), *quoted in Cherry v. State*, 306 A.2d 634, 637-38 (Md. 1973).

which deals with inchoate crimes, these offenses always presuppose a purpose to commit another substantive offense, which "has failed ... or has not yet achieved its culmination because there is something that the actor or another still must do." Model Penal Code art. 5 introduction at 293 (1985). It has been stated that the crime of solicitation can be thought of as an "attempt to conspire." *Id.* § 5.02 commentary at 366.[5] There is no requirement that a solicitation result in any action by the person solicited. *Id.* at 370.[6] However, given the fact that the solicitation "may give rise to the special hazard of cooperation among criminals,"[7] it is thought that "the fortuity that the person solicited does not agree to commit or attempt to commit the incited crime plainly should not relieve the solicitor of liability,"[8] when "otherwise he would be a conspirator or an accomplice." *Id.* at 365-66.[9] The essential difference, therefore, between the crime of solicitation and the act of being an accomplice is that no crime need be committed for the offense of solicitation to be complete. *See generally Cherry v. State,* 306 A.2d 634 (Md. 1973).

---

[5]The crime of solicitation is closely related to attempt and historically was dealt with under the laws relating to that offense. *See, e.g., State v. Otto,* 629 P.2d 646 (Idaho 1981); *People v. Bloom,* 133 N.Y.S. 708 (1912); *People v. Bush,* 4 Hill 133 (N.Y. 1843); *see also* Model Penal Code § 5.02 commentary at 368-69; Herbert Wechsler et al., *The Treatment of Inchoate Crimes in the Model Penal Code of the American Law Institute: Attempt, Solicitation, and Conspiracy,* 61 Colum. L. Rev. 571, 623-25 (1961); S. Rep. No. 225, 98th Cong., 2d Sess. 308 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3488 ("[S]olicitation may be seen as a particular instance of the more general category of criminal attempts."). Thus it has been held that when a solicitation proceeds "to the point of some overt act in the commission of crime ... it becomes an attempt to commit crime and is indictable as such." *Wiseman v. Commonwealth,* 130 S.E. 249, 251 (Va. 1925).

[6]As stated in Clark and Marshall, *supra* note 4, "It is immaterial whether the solicitation is of any effect and whether the crime solicited is in fact committed .... "

[7]The Model Penal Code notes that a "solicitor, working his will through one or more agents, manifests an approach to crime more intelligent and masterful than the efforts of his hireling.... Purposeful solicitation presents dangers calling for preventive intervention and is sufficiently indicative of a disposition towards criminal activity to call for liability." Model Penal Code § 5.02 commentary at 366.

[8]According to Clark and Marshall, *supra* note 4, "The necessity for punishing such persons is obvious, and such conduct is generally punished as a substantive crime, notwithstanding the solicitation does not move the party solicited to commit the offense."

[9]The legislative history relating to the federal crime of solicitation to commit a crime of violence, 18 U.S.C. § 373 (1988), states that "if the person solicited actually carries out the crime, the solicitor is punishable as an aider and abettor." S. Rep. No. 225, 98th Cong., 2d Sess. 308 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3487; *see also United States v. Nearing,* 252 F. 223, 227 (S.D.N.Y. 1918), *cert. denied,* 254 U.S. 637 (1920) (noting that successful incitement to crime would make pamphlet author accessory before the fact).

We note in this regard that an accomplice is defined in pertinent part under Arizona law as a person who, with the intent to promote or facilitate the commission of an offense, "*[s]olicits* or commands another person to commit the offense." Ariz. Rev. Stat. Ann. § 13-301 (1991) (emphasis added); *see also* Model Penal Code § 2.06 (1985).[10] Under modern federal law, one who commands, encourages, or requests a crime is considered to be an accomplice, who is guilty of the substantive offense as if he committed it directly. *See* 18 U.S.C. § 2(a) (1988); *Scales v. United States*, 367 U.S. 203, 226 n.17 (1961) (quoting American Law Institute, Model Penal Code § 2.04 (3), tentative draft No. 1 (1953)); *Nye & Nissen v. United States*, 336 U.S. 613 (1949); *Clinton Cotton Mills v. United States*, 164 F.2d 173 (4th Cir. 1947). As under federal law, a person is criminally accountable for the conduct of another in Arizona if he is an accomplice of such other person in the commission of an offense. Ariz. Rev. Stat. § 13-303(A)(3) (1991).[11]

Section 241(a)(11) of the Act provides for the deportability of aliens who have been "convicted of a violation of, or a conspiracy to violate,

---

[10] We note the similarity of the language of the solicitation statute to the common law definition of an accessory before the fact, who is "one who was not present actually or constructively, when the offense was committed, but who *counseled, procured,* or *commanded* another to commit it." *Morei v. United States*, 127 F.2d 827, 830 (6th Cir. 1942) (emphasis added). An accessory before the fact "must incite, or procure, or *encourage* the criminal act, or assist or enable it to be done, or engage or counsel, or *command* the principal to do it." *Id.* at 830-31 (emphasis added); *see also Robinson v. United States*, 262 F.2d 645 (9th Cir. 1959). Thus, it appears that the crime of solicitation is closely related to the common law offenses of complicity, particularly the crime of accessory before the fact. *See generally United States v. Nearing, supra,* at 227. Under federal law, which has eliminated the distinctions of guilt between principals, aiders and abettors, and accessories before the fact, a person is punishable as a principal if he "commits an offense against the United States or aids, abets, *counsels, commands, induces* or *procures* its commission." 18 U.S.C. § 2(a) (1988) (emphasis added); *see also United States v. Molina,* 581 F.2d 56, 61 n.8 (2d Cir. 1978); *Tarkington v. United States,* 194 F.2d 63 (4th Cir. 1952); *Morei v. United States, supra.* It should also be noted that since the enactment of statutes making accessories and aiders and abettors liable as principals, many courts have indiscriminately referred to accessories as aiders and abettors. *Morei v. United States, supra,* at 831; *see also United States v. Molina, supra,* at 61 n.8 (2d Cir. 1978).

[11] Section 13-303 of the Arizona Revised Statutes, which deals with the criminal liability of a person based on the conduct of another, further provides as follows:

B. If causing a particular result is an element of an offense, a person who acts with the kind of culpability with respect to the result that is sufficient for the commission of the offense is guilty of that offense if:

1. The person *solicits* or commands another person to engage in the conduct causing such result; or

2. The person aids, counsels, agrees to aid or attempts to aid another person in planning or engaging in the conduct causing such result.

(Emphasis added).

any law relating to a controlled substance." The phrase "relating to" in this context has long been construed to have broad coverage. *See Matter of Bronsztejn, supra,* at 283; *Matter of N-,* 6 I&N Dec. 557, 561 (BIA, A.G. 1955); *see also Matter of Del Risco,* 20 I&N Dec. 109 (BIA 1989); *Matter of Hernandez-Ponce,* 19 I&N Dec. 613 (BIA 1988). This interpretation, that Congress intended to give inclusive meaning in the immigration laws to the phrase "relating to," has led to the conclusion that Congress meant for section 241(a)(11) of the Act to encompass the other inchoate or preparatory crimes of attempt, conspiracy, and facilitation when the underlying substantive crime involves a drug offense. *See Matter of Del Risco, supra* (facilitation); *Matter of Bronsztejn, supra* (attempt); *Matter of N-, supra* (conspiracy); *Matter of G-,* 6 I&N Dec. 353 (BIA 1954) (attempt). In fact, the crime of conspiracy was long ago included in the statutory provision for deportability of aliens convicted of drug offenses. *See* Act of Feb. 18, 1931, Pub. L. No. 71-683, 46 Stat. 1171; Narcotic Control Act of 1956, Pub. L. No. 84-728, § 301(b), 1956 U.S.C.C.A.N. (70 Stat.) 651, 661-62. Furthermore, Congress has also recently added the crime of attempt to the statute.[12] *See* section 241(a)(2)(B)(i) of the Act, 8 U.S.C. § 1251(a)(2)(B)(i) (Supp. II 1990) (providing that any alien who "has been convicted of a violation of (or a conspiracy or attempt to violate) any law ... relating to a controlled substance ... is deportable").

As noted above, solicitation is closely related to attempt and conspiracy, being considered by some to be an attempt to conspire to commit a substantive offense, and, in some jurisdictions, even constituting an attempt, either alone or in conjunction with other overt acts. *See* Model Penal Code § 5.02 commentary at 365-66, 368-69; *see also People v. Coleman,* 86 N.W.2d 281 (Mich. 1957) (stating that words intended to dissuade a witness from testifying may themselves be overt acts sufficient to constitute crime of attempt to obstruct justice); *State v. Mandel,* 278 P.2d 413 (Ariz. 1954) (holding that solicitation to murder, coupled with overt act of partial payment, is sufficient to establish attempt). Like attempt and conspiracy, which are now included in the statutory language of section 241(a)(11) of the Act, solicitation is an inchoate crime that presupposes a purpose to

---

[12] We note that efforts to draw an implication regarding the absence of a specific crime in the statute from Congress' inclusion of another have been rejected. *See United States v. Gonzalez, supra,* at 1165 (absence of aiding and abetting); *cf. Matter of N-, supra,* at 560-61 (omission of conspiracy). *See generally National Petroleum Refiners Ass'n v. FTC,* 482 F.2d 672, 676 (D.C. Cir. 1973), *cert. denied,* 415 U.S. 951 (1974) (stating that the maxim of statutory construction "expressio unius est exclusio alterius" (expression of one thing is the exclusion of another) is increasingly considered unreliable "for it stands on the faulty premise that all possible alternative or supplemental provisions were necessarily considered and rejected by the legislative draftsmen").

commit another crime. Model Penal Code art. 5 introduction at 293. Therefore, we conclude that when that underlying offense involves a drug violation, which alone would constitute a ground of deportability under section 241(a)(11) of the Act, it is consistent with congressional intent to likewise consider a conviction for solicitation to commit that crime to be a violation of a law "relating to a controlled substance."

We further add that we deem it significant that, but for the failure of the person solicited to commit the incited crime, a solicitor would share guilt equally with the solicited perpetrator under the laws dealing with complicity. Model Penal Code § 5.02 commentary at 366. Thus, as a person guilty of solicitation, the respondent would be held liable as an accomplice for the commission of the substantive offense of possession of narcotics had the person he solicited committed the intended crime. For this reason, we find that the solicitation and the underlying offense are so interrelated that the solicitation "takes its character and its quality from the nature of the law toward whose violation it is ... directed." *Matter of Bronsztejn, supra,* at 282; *see also Londono-Gomez v. INS, supra* (holding that the aiding and abetting statute does not define a separate offense); *United States v. Gonzalez, supra* (same); *cf. Matter of Del Risco, supra* (facilitation). *See generally Matter of Short,* 20 I&N Dec. 136 (BIA 1989) (noting that if underlying offense involves a crime involving moral turpitude, aider or accessory before the fact is considered convicted of such a crime); *Matter of Sanchez-Marin,* 11 I&N Dec. 264 (BIA 1965) (accessory after the fact to crime involving moral turpitude); *Matter of F-,* 6 I&N Dec. 783 (BIA 1955) (accessory before the fact to crime involving moral turpitude).

Contrary to the respondent's argument that the holdings in *Londono-Gomez v. INS, supra; United States v. Gonzalez, supra;* and *Matter of Bronsztejn, supra,* must be distinguished, we find support in those decisions for our conclusion in this case. As the respondent noted, the United States Court of Appeals for the Ninth Circuit found in *Londono-Gomez* that aiding and abetting the distribution of cocaine was a crime relating to narcotic drugs, in part because "one convicted under the aiding and abetting statute is subject to the same penalties as one convicted under the statute defining the substantive offense." *Londono-Gomez v. INS, supra,* at 477. In this case, the penalties for solicitation under the Arizona statute, although not identical, are founded in the underlying substantive offense since the classification of the solicitation corresponds to the severity of the underlying crime. *See* Ariz. Rev. Stat. Ann. § 13-1002.

Moreover, in *Londono-Gomez* the Ninth Circuit also noted that an indictment under the aiding and abetting statute must be accompanied by an indictment for a substantive offense. *Id.* at 477. As the

immigration judge noted, in this case the indictment against the respondent included the charge of possession of narcotic drugs along with the charge of solicitation.

Finally, distinguishing *Castaneda de Esper v. INS, supra,* the Ninth Circuit found that "[u]nlike the misprision of felony statute, the aiding and abetting statute does not define a separate offense . . . ." *Londono-Gomez v. INS, supra,* at 476; *accord United States v. Gonzalez, supra,* at 1166. As we stated previously, since the crime of solicitation is so closely related to the underlying offense, we are convinced that it cannot be considered separate or distinct from that crime and, therefore, we find it to be more similar to aiding and abetting and attempt than it is to misprision of a felony. *Compare Londono-Gomez v. INS, supra* (aiding and abetting) *and Matter of Bronsztejn, supra* (attempt) *with Matter of Velasco,* 16 I&N Dec. 281 (BIA 1977) (misprision of a felony). *See generally Matter of Carrillo,* 16 I&N Dec. 625 (BIA 1978) (unlawful carrying of firearm during commission of a felony). Consequently, we find that the holding in *Castaneda de Esper v. INS* is not persuasive or controlling here.

Having reviewed the law regarding the offense of solicitation and considered the arguments presented on appeal, we conclude that the respondent's conviction for solicitation to possess narcotic drugs was for a violation of a law relating to a controlled substance within the meaning of section 241(a)(11) of the Act. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.