990 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dang Minh TRAN, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 92-36716.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1993.*
Decided March 26, 1993.
 
 Before: TANG, KOZINSKI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dang Minh Tran appeals the district court's denial of his habeas corpus petition brought pursuant to 28 U.S.C. § 2254.
 
 
 3
 Tran was convicted of robbery and burglary in Oregon and was duly sentenced. In this habeas corpus petition he does not challenge his conviction or sentence in the criminal proceedings. He does assert that his sentence should now be set aside because no motion for a Judicial Recommendation Against Deportation (JRAD)[1] was made at the time of his original sentencing. The district court found that he had procedurally defaulted and had not demonstrated cause and prejudice for the default or a fundamental miscarriage of justice. We affirm.
 
 
 4
 Tran's conviction for burglary and robbery was in 1983. At that time counsel did not ask for a JRAD. Tran appealed that conviction but the Oregon Court of Appeals affirmed and the Oregon Supreme Court denied review. He did not raise the JRAD issue on that appeal.
 
 
 5
 In 1985, Tran filed two petitions for post conviction relief in Oregon. Those were consolidated and we will refer to them as the first post conviction petition. That petition did not raise the JRAD issue. It was denied.
 
 
 6
 Then in 1991, Tran filed another petition for post conviction relief in the Oregon courts. In that second petition he asserted that his trial counsel was ineffective because he had not asked for a JRAD. Tran did not assert that counsel in his first post conviction petition was ineffective due to his failure to raise the JRAD issue, nor did Tran otherwise attempt to explain the failure to raise the issue in the first proceeding. The second post conviction petition was denied on the ground that Oregon law generally permits only one post conviction proceeding. Or.Rev.Stat. § 138.550(3).
 
 
 7
 Tran then brought this habeas corpus proceeding.[2] He, again, claimed that trial counsel was ineffective because he had failed to ask for a JRAD. The district court denied the petition on the ground that Tran had procedurally defaulted when he failed to raise the JRAD issue in his first post conviction proceeding in Oregon. Because we agree, we do not consider the district court's other grounds for denying the petition.[3]
 
 
 8
 The Oregon courts denied Tran's second post conviction petition on the independent and adequate state ground that he was, generally speaking, entitled to only one post conviction proceeding and had, therefore, procedurally defaulted. Given that, it is clear that "federal habeas review of the claim[ ] is barred unless [he] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice." Coleman v. Thompson, --- U.S. ----, ----, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). He has not done so.
 
 
 9
 Tran attempts to establish cause by asserting ineffective assistance of counsel at the first post conviction proceeding. That assertion must come to naught because he was not entitled to counsel in that proceeding. See Coleman, --- U.S. at ----, 111 S.Ct. at 2566. Contrary to Tran's assertion, the Supreme Court has not said, or hinted, that there is an exception to the Coleman rule if the first post conviction proceeding is the first place an issue can be raised. Cf. id. at ----, 111 S.Ct. at 2567. He cites no other authority for that proposition and we have found none. Moreover, it is far from clear that the ineffective assistance of counsel issue could not have been raised on direct appeal of the criminal case, inasmuch as the failure to request a JRAD appeared on the face of the record. Oregon, like our court, does recognize the possibility that the ineffective assistance of counsel issue can be raised on direct appeal. See State v. Chase, 624 P.2d 1100, 1101 (Or.App.1981) (per curiam); cf. United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992).
 
 
 10
 Tran also attempts to demonstrate cause by asserting that his claim that trial counsel was ineffective when he did not request a JRAD was so novel that counsel at the first post conviction proceeding could not have been expected to raise it. This assertion must also fail. Tran cites Reed v. Ross, 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984), for that proposition.
 
 
 11
 However, "the cause standard requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim in state court." McCleskey v. Zant, --- U.S. ----, ----, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991) (citation omitted). Even under Reed the claim must be a " 'clear break with the past.' " 468 U.S. at 17, 104 S.Ct. at 2911 (citation omitted). Examples are decisions which have overruled precedents, overturned almost unanimous lower court authority, or disapproved previously sanctioned practices. See id. In short, "the question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986). Certainly the claim that a trial counsel should have raised the JRAD issue does not fall into that category. Rather, the claim was fairly obvious and, if not always successful, was not foreclosed. Interestingly enough, the Oregon Supreme Court did not purport to sweep away some prior impediment when it declared that failure to raise the JRAD issue at trial was ineffective assistance. Lyons v. Pearce, 694 P.2d 969, 978 (Or.1985).
 
 
 12
 Finally, it cannot be said that a miscarriage of justice has occurred. The most Tran can do is speculate that, despite the heinousness of his crimes,[4] a trial judge might have granted a JRAD had it been asked for.
 
 
 13
 Thus, Tran's procedural default precludes us from reaching the merits of his claim.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 8 U.S.C. § 1251(b) was repealed in 1990 by the Immigration Act of 1990, Pub.L.No. 101-649 § 505, 104 Stat. 4978, 5050 (1990). It gave the sentencing court discretion to make, at the time of first imposing sentence "judgment ... or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported" under section 1251(a)(4) for being convicted of crimes of "moral turpitude." 8 U.S.C. § 1251(b) (1988). This recommendation was binding on the government. Janvier v. United States, 793 F.2d 449, 452 (2d Cir.1986)
 
 
 [2]
 He also had prior federal habeas corpus proceedings. In the posture of this case those are not relevant. However, the JRAD issue was not raised in them either
 
 
 [3]
 Those grounds went to the availability of JRAD relief in view of the repealed statute. See United States v. Murphey, 931 F.2d 606, 609 (9th Cir.1991)
 
 
 [4]
 Tran and others forced their way into people's residences at gunpoint, poked guns in their victims' heads and backs, bound and blindfolded their victims with duct tape, and robbed them